UNITED STATES of America, Appellee,

v.

Javier NUNEZ, Defendant–Appellant.

No. 06–0647–cr.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

William J. Stellmach, Assistant United States Attorney, Southern District of New York (Michael J. Garcia, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Roger J. Schwarz, New York, NY, for Appellant.

Present: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Javier Nunez appeals from the February 8, 2006 judgment of the district court, as amended on March 14, 2006, sentencing Nunez to concurrent terms of six months' imprisonment for each of three admitted violations of the terms of his supervised release, followed by 30 months' supervised release. After timely appealing his sentence, Nunez moved for a remand for resentencing pursuant to 28 U.S.C. § 2106 and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On June 6, 2006, this Court denied the motion, concluding that "the district court properly discharged its duty to consider the factors listed in 18 U.S.C. § 3553 in imposing a reasonable sentence." Order, *United States v. Nunez*, No. 06–0647–cr (2d Cir. June 6, 2006) (citing *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005)).

In his appeal, Nunez reasserts his argument that he was improperly sentenced because there is no indication in the record that Judge Keenan considered defense counsel's arguments or the factors enumerated in 18 U.S.C. § 3553(a) and § 3583(e) in determining his sentence.

The issue raised, whether Judge Keenan considered the factors enumerated in § 3553 prior to revoking Nunez's term of release as required under § 3583(e)(3), is the same as we addressed in disposing of Nunez's *Crosby* motion, where we held that the district court properly considered § 3553 in imposing his sentence. This argument is therefore barred by the law of the case doctrine. *See United States v. Uccio*, 940 F.2d 753, 758 (2d Cir.1991) ("[Under] the second branch [of the doctrine] ... when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." (citation omitted)). "[W]e will not depart from this sound policy absent cogent or compelling reasons," principally "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983) (citations and internal quotation marks omitted). Nunez presents no "cogent" or "compelling" reasons for revisiting the prior panel's decision. *See id.* To the extent that Nunez alleges other improprieties by the sentencing judge, his claim is not supported by the record.

For the foregoing reasons, we AFFIRM the judgment of conviction.